Next case this morning is United States v. Lira-Ramirez, 19-3057. May it please the court and counsel, I'm Melody Brannon, the District of Kansas Defender, and I represent Mr. Lira-Ramirez. My client presents an issue familiar to this court today, is that whether the jurisdiction to do so, because it was predicated on a notice to a peer that was statutorily defective, and if the court did not have jurisdiction to do so, whether that jurisdictionally void order could be used to conclusively sustain a necessary element of a crime. This court's familiar with this issue because most circuits, including the circuit, have already rejected the issue. And that's the primary focus of our argument today, is why this court should take another look at this issue. The distinction that Mr. Lira-Ramirez presents is a statutory one. When this court cited Lopez-Munoz v. Barr, based on other circuits, the major premise was in fact correct. The major premise was a statutory requirement is jurisdictional only when Congress says it is. But the minor premise was that Congress has been silent on whether the statute 8 U.S.C. 1229 was jurisdictional, and therefore concluded that the statute was not jurisdictional, and a notice to a peer that was defective under that was not a jurisdictional question. And importantly in Lopez-Munoz, the court specifically said, if Ms. Lopez-Munoz was correct on this jurisdictional issue, she may be entitled to relief, but she is not. And so what we point out here is that the minor premise that Congress has not spoken to jurisdictional statute is wrong because Congress specifically has spoken to it. It did so in the Arrara Act, which is public law. It is now within the statutory notes under 1101 of that same statutory scheme. And it specifically says that, in talking about a notice to a peer, whether it's a notice to a peer or the prior order to show cause and notice of hearing that I think the court considered in the first argument this morning, that those documents shall be valid to confer jurisdiction on the immigration judge. Okay. Let me, can I probe that? Yes. So you said, and I don't want to quote you, but the transitional provision says that the notice to a peer shall confer jurisdiction. It actually, the subject of the sentence that you're talking about is actually about the notice of hearing. And so the transitional provision says that the notice of hearing provided to an alien under 235 or 242 shall be valid as if provided under 239 to confer jurisdiction on the immigration judge. So what the transitional provision says is that the notice of hearing, if during this period of transition, will be sufficient to confer jurisdiction on the immigration judge. It doesn't say the notice to a peer. That's correct. However, the background to this is important. What's happening here is that Congress is changing the statutory scheme and it's taking the bifurcated notice, the order to show cause and notice of hearing and saying, it's not those two documents. We're not going to have a bifurcated system anymore. We're going to have a unitary system. And the unitary system is the notice to appear. What this transitional statute is saying is that if the notice to, of hearing or the order to show cause has already gone out and the attorney general wants to proceed to the removal hearing, the attorney general does not have to go and issue a new notice to appear under the new statute, but can proceed under the former bifurcated system because that bifurcated system is valid as if. I don't think I disagree really, if I understand what you said, with anything you said, but my question is really goes to the issue of whether Congress has clearly and unambiguously spoken that this, that 1229 is expressly designated as jurisdictional. And so when you rely on a transitional provision that maybe it's implicit that well, if Congress is saying the notice of hearing under a, under a dual approach that we heard about a little bit in a previous case, that the notice of hearing will confer jurisdiction. I think it, my, my question is, but still Congress has not unambiguously spoken in this transitional provision to say that the, that the notice to appear will confer jurisdiction because that's not even what the Senate says. Certainly would have been helpful if Congress would have said a notice to appear confers jurisdiction. And so it's not that clear, but the context of the public law that we're talking about is that transition from the notice of hearing to a notice to appear. And when we're talking about 235, 240, that is 1229. And so we're talking about the same statute. And because they're talking about the same statute, even though they're using the INA numbers, it is saying, and it is talking about these documents being used to confer jurisdiction on the immigration court. Does it matter whether this argument was made to the district court? It does not. Um, for one thing, it was very clear to the district court that we were challenging jurisdiction and statutory jurisdiction. The district court understood that in responding to our argument. Um, we are talking about additional authority and support of our argument. We raised it in our opening brief. Certainly after Lopez Munoz came forth and said that Congress said nothing about the federal statutes, uh, pointing out that Congress did in fact say this, uh, becomes critical. Does it make a difference to your answer that it concerns subject matter jurisdiction? Whether we raised it to the district court, it's additional authority. Um, but I don't think that whether we raised it or not is dispositive. Uh, as we pointed out in our opening brief, this is a very, very fluid area of the law and how it's changed from the time that we filed the initial motion to the opening brief to where we are today. Uh, there's been a lot of changes in the law and what's happened. Excuse me. But before we even get to this argument that you're making, why wouldn't it be correct for this court to hold that a defendant has to satisfy the statute, the 1326D statute to challenge an immigration judge's subject matter jurisdiction over a removal proceeding? We've said that in some unpublished cases. Um, is there any authority to the contrary? Well, the district court went directly to 1326D and said that's the starting point for denying this.  Why isn't that the starting point for us? In other words, you've got to, you've got to meet those criteria before we even talk about the argument you're making. It is the nature of our claim, which is about the subject matter jurisdiction of the removal order in which, whether it is void for lack of jurisdiction that 1326 has to be viewed through. Uh, we're not raising a mere due process issue at the lower court. The problem with 1326D and starting there is that it's based on Mendoza Lopez, which said, you know, at a bare minimum, this is what we're concerned with, that there was judicial review. Excuse me. It's based on what? Uh, Mendoza Lopez, which is a Supreme court case where it said, barring a collateral attack to a removal order is not constitutional. You can't just say you can't attack it at all. You have to give some bare due process and allow that. And in response to Mendoza Lopez, they passed 1326D, but we would return on this particular issue to the language of Mendoza Lopez, which was very troubled by the idea that you can use an agency determination in a criminal case to establish an element of a criminal case. And it specifically said under different circumstances, the propriety of using an administrative ruling in such a way remains open to question. And we believe that this challenge to the removal order, that it was void for lack of jurisdiction, goes into that open question as opposed to just being dispatched by 1326D. Let me just make sure I'm clear on your, your position. Um, so we have unpublished cases, uh, which are mentioned in the briefs, Garcia, Galvin, Zuniga, Guerrero. Um, is it your position that those were wrongly decided? Yes. And what was difficult to, to understand in those cases is whether the Act D is saying that that is not a fit for this challenge or tried to say that we are, we have satisfied the three prongs. How do you, how do you distinguish FIT09 and, uh, Contract versus Ryan? Quote, even subject matter jurisdiction, however, may not be attacked collaterally. Why doesn't that work? Why doesn't that foreclose your effort to bypass 1326D? In this context, subject matter jurisdiction should be open to a because of how it's being used. But how do, okay, maybe you're right, but how do we get, get around? I mean, that is the Supreme Court. How do we get around what the Supreme Court said in FIT09? Subject matter jurisdiction cannot be waived. And so the question of how and when it is. It doesn't say that. I mean, I'm not trying to pick on your argument, but it, but it says may not be, uh, may not be attacked collaterally. So how, how do we, again, I'm trying for an area, I just, how do we get around that? I'm sorry. I missed what the court was reading from. Contract versus, FIT09 of Contract versus Ryan. The situation where they're talking about subject matter cannot be attacked collaterally. I think there are situations where subject matter jurisdiction is attacked collaterally. In this situation, we're not only looking at this as a collateral attack, but whether a void agency order can be used to sustain an element of a crime. Here, the crime of 1326 is made by this removal order. So it's being able to attack it within the confines of the criminal statute, as opposed to simply coming back in a, in an immigration situation, for example, and collaterally attacking it later. It's how it's being used in this situation that would allow the collateral attack and because it is subject matter jurisdiction. Okay. Thanks. This court also in Lopez Munoz, um, looked at 10314 and said when that regulation talks about jurisdiction, it was merely being colloquial, but we would point out that when you look at the transitional statute that talks about conferring jurisdiction, that regulation makes a lot more sense when you read those together about how jurisdiction is vested in the court. Once the notice to appear, which must be valid under Pereira, uh, conferred jurisdiction. And with that, I would ask to reserve my time. Okay. Good morning again, Your Honors. Jared Magna on behalf of the United States. Um, our position of course, is that this court, this particular case falls directly in line with Lopez Munoz and last week's decision in Martinez Perez, as well as the unpublished decision of Colin Carmalinga. Um, those cases lay out very clearly that 1229 is not established the jurisdiction of the immigration courts in these circumstances. So to the degree that those continue to be controlling, this court is left with the, at least first aspect of whether or not it can overrule another panel. Uh, well, can I ask about that? Because, um, you know, in this area, I don't know that our case law or the challenge that our panelists confronted with, because the panel in Lopez Munoz never had an opportunity to interpret the transitional provision. It was never referred to. There was no, as counsel for both sides know, that there was no petition for re-hearing, uh, presented on that at all. And so the panel did interpret 1229 as not jurisdictional, but never had the opportunity to address the argument that she presented. So is, isn't it a little counterintuitive that we should just ignore it? Our position is that, of course, those decisions and what Judge Briscoe said in Martinez-Perez is that Congress's silence weighs heavily against the issue of jurisdiction established by 1229. So we believe it was answered. Now it may have been answered largely in the alternative without the actual question presented today as to whether or not the transitional statute in, in, in effect, but it reaches the same conclusion otherwise, because this court would have to engage in some level of statutory construction. And I think bend those rules quite a bit to get where it would want to go. If it were to accept the defendant's argument in this case. But would you agree now though, that Congress was not completely silent? That there is this language in the transitional provision? Not completely silent, but I would, how I would answer that is that if this were the case that Congress says, this court has said, and as many courts have said, Congress says what it means and means what it says. If they wanted to establish jurisdiction in 1229 for the immigration courts based solely on the issue of these types of documents that are filed, they could have said so, but it seems. Okay. But that's a different point, isn't it? I mean, this is the clear statement point that Congress clearly said, clearly say it's jurisdictional as opposed to Congress saying absolutely nothing. Wouldn't you agree we've moved away from absolutely nothing based on this transitional rule argument? Not necessarily, because I think Congress's understanding of how it established these agencies to deal with the immigration matters was quite clear that the jurisdiction vests with the immigration courts, and that that jurisdiction did not rise and fall on the issue of whether or not a notice to appear had the date and time. And I think that's the overriding issue that all of the district, or all of the circuit courts, have found a way to resolve this issue is that if Congress meant for the immigration courts jurisdiction to rise and fall on that particular document, it would seem odd in the least, because it's very clear that the overall understanding of how these agencies are to deal with immigration matters rests with the jurisdiction. If it meant to rise and fall on 1229A, they would have said so, because it would have given great direction to the parties on how to proceed. Could we resolve this appeal solely on whether Ms. Lira-Ramirez complied with Section 1326D, not even reach the subject matter jurisdiction issue? That raises an interesting question, and I think the answer that I would give today, and let me preface that by saying that this area of law is quite fluid, this is one of the first cases that does not come from the immigration courts. This is the first case that this court will address in the context of an actual criminal conviction. So 1326D is in play. Now, the lower court certainly seemed to suggest that that was the case. I understand their argument about subject matter jurisdiction and why that, in effect, overrides the issue of the 1326D analysis. And I think to answer the question that you raised, Judge Bacharach, is it appears that the argument is such that that is an element of the offense, and therefore that it is not waivable in the context of that, in the contract issue of whether or not you could waive subject matter jurisdiction or forfeit the issue by not addressing it collateral. Mr. Mack, could I just maybe rephrase the question and see if it helps, and that is whether Ms. Lira-Ramirez needed to satisfy 1326D to bring a collateral attack to the IJ subject matter jurisdiction. Does that... Our position is yes, but we certainly understand and can appreciate the circular position that she places, or that he places the court in, in the sense that he can only now raise the collateral issue because he believes it's based on Pereira. And so he's collaterally attacking the subject matter jurisdiction of the court based upon what the Supreme Court said, so it was not available to him in 2004 to address this issue or attack the issue. And the facts of this case, obviously, are quite clear that he wanted to get out of the country as soon as possible. He didn't challenge anything. He waived it all. Certainly for them to have a 1326D claim, even they, I think, would understand that they're going to fail on that front. We're not foregoing the issue about whether or not that had to be satisfied. We think in the context that it would be a much clearer argument to say that they must satisfy 1326D, but it's quite clear that nobody in that position... I cannot think of a situation where we would see an illegal alien being able to satisfy 1326D in this circumstance by raising this particular claim of whether or not the court has to... At some point, this argument... Somebody decided to make this novel argument that ended up getting to Pereira in the Supreme Court. Why couldn't he have been the person to do it? I agree. They certainly could have, but Pereira was such a narrow question. Only now are we seeing illegal immigrants make the claim today that somehow Pereira applies, and that has been foreclosed by every circuit court. There's not a circuit court in the nation that will say that Pereira applies to this question. And so really, these novel questions are now arising today based upon that decision. I'm not sure back in 2004, when this issue was coming up for Leroy Ramirez, that he would have in any way understood to challenge when the regulations very clearly said, if there is no date and time, a follow-on notice of hearing is sufficient. And again, that gets to another issue which presupposes that the court had jurisdiction if, in fact, that regulation authorized them to give a later notice that satisfies. So under the circumstances, even he looking at the regulations would have to have said, well, there's... Not only did I get a notice of hearing, I wanted to go. So he is in a much difficult, more difficult situation than most immigrants who might challenge that at the time, if they really wanted to challenge their ability to stay in the United States. He did not. He waived everything. So you're recognizing the constraint that he's under, but as a matter of law, you still believe that 1326D would have been a hurdle he would have needed to overcome? I think so. And I think, beginning today, I think that's a more valuable argument to make because now it appears everyone is on notice because these are being filed all over the United States. So if they are going to challenge it, it's really from this point forward. It's not unlike habeas law in the sense that you have a new opinion that might inform that decision, but the courts have been unanimous in rejecting that. It doesn't necessarily mean that they can't raise it, but I think it gets back to Judge Matheson's earlier point. Should he have raised it and has he forfeited it by not raising it before the lower court on the issue of this transitional question? Because the court didn't look at it in that context and it certainly wasn't raised in a sufficient way that it would have ruled on the question of the transitional statute. If it is additional authority here, I think if this court really wants to address the transitional statute, it's going to have to work an opinion in such a way that statutory construction would somehow suggest that Congress, if it wanted to, but failed to, establish a jurisdictional link through 1229A. Well, what is, okay, let's, if it doesn't mess you up in your sequence, but what is your rejoinder to Ms. Brannon on her reading of the transitional provision? Why do you think she's wrong about the reading of the transitional provision? I think it goes in large part to, not unlike what your Honor had said, is that the notice of hearing and the notice to appear had their own distinct roles in establishing the time and date of when they were supposed to appear and that the court could rely on the notice of hearing. And I think to the degree that they were establishing in this transition an ability to hear these cases, to make sure that there was no roadblock for the courts to move these through, that somehow that bridged into 1229A without them saying it, without Congress saying there's a jurisdictional link, that somehow that bridged a jurisdiction into 1229A without Congress using that term and then allowing these regulations because one would think that if that were true, why are we only hearing about it today? If that is the issue, only now, so many years later, almost 20-some years later, are we now getting to the issue about whether or not that was jurisdictional? It would seem to me that if it was that apparent at the time, someone would have raised the jurisdictional question. Well, maybe so, or maybe nobody thought to present it. I mean, we are where we are. But let me get to what I think Ms. Brannon is arguing in part, and she puts it more maybe eloquently than I'm going to ask it, but if Congress said that the notice of hearing would be sufficient to confer jurisdiction, we know that under 1229, there is no such thing as a notice of hearing anymore. There's a notice to appear, which is explicitly under the House report intended to encompass the formerly designated notice of hearing. So, if a notice of hearing would confer jurisdiction, well, obviously, the new name for it, notice to appear, would confer jurisdiction. That would be, I think, what her argument is. What's wrong with that logic? It doesn't flow with the regulations. So, we should interpret... In the sense that it's clear that in, I think it's 103.14 Well, that's what a government agency says, and in fact, 103.14a says that the notice of appear would confer jurisdiction. But again, this is a little bit layered, but the issue on the notice of appear, again, the regulations also establish where it was practicable. And that language, I think, is important in understanding when the notices of appear can be used, because the notices of hearing that followed on presupposes that the court had jurisdiction in that context. Well, I understand that, and obviously, I'm not of the... I mean, not obviously, but just assume a re-window that I think that 103.14a, under Lopez-Munoz, does not confer jurisdiction. A federal agency can't do that under Lopez-Munoz. But my understanding of what an agency said in saying, as practical, a notice to appear is sufficient to confer jurisdiction, to suggest that this transitional provision, referring to a notice of hearing sufficient to confer jurisdiction, would not actually confer jurisdiction for a notice to appear. I don't understand how the regulation would support you. I think it gets to the issue of not only what this court, at least intimated in Lopez-Munoz, but what they clarified in Martinez-Perez, is that these are claim processing rules alone and not jurisdictional links. And that really is at the heart of what we're talking about. That, as your Honor said in Lopez-Munoz, that only Congress can confer jurisdiction. And we now have conceded that issue, that if Congress can establish jurisdiction of the courts, it understood that the immigration courts would be established. But again, to say that somehow that notice of hearing or the notice to appear would seem relatively strange and would be highly questionable that Congress, if that's what they meant, would somehow have drafted it in such a way that we would have to find that little nugget through a series of cases and a series of interpretation of regulations that Congress would say, no, we established this agency to deal with this because they have jurisdiction to deal with immigration matters writ large. So I think trying to, in a way, fit jurisdiction through these two notices, Congress's response to that would be, if we wanted that to be the case, we would have certainly said so. That seems to be reflected both in Lopez-Munoz and in Martinez-Perez, that there's no daylight amongst this court about what Congress meant when it said that jurisdiction does not rise and fall in 1229. And that really, I hope that's responsive to the court. I think that's largely the reason we're looking at it more from a practical standpoint in how Congress would have looked at this issue and that it could not use either the notice of hearing or notice to appear to establish jurisdiction. And we would ask that this court reject the defendant's arguments. Thank you, Your Honor. The reason it's a transitional statute is because it's transitioning from the notice to appear. It's the same thing. It serves the same function. And what Congress said, it serves the function of conferring jurisdiction. Could I ask a maybe more general question about transitional provisions like this one? Have you been able to find any example of where a federal court has  enacted a transitional provision? I have not, and I have not looked at that. I would point out that this is a transitional statute. I understand. This is something that the Congress enacted. It's in the statutes of large public law and all that. But it's a novel argument, it seems. And I'm just interested from a federal court's jurisdiction standpoint whether any federal court has ever relied on something like this to recognize that Congress has conferred jurisdiction. I have not, and I have not looked at that. And there are so many agencies where Congress establishes jurisdiction and says the agency did this. Well, I mean, if it's a good find. I mean, this transition was a good find on your part. But I'm just, again, I'm just wondering how it fits in the overall federal jurisdiction picture. And I would point out that none of the circuits have mentioned the statute. I think it is now within a cert petition that is before the Supreme Court. But it needs to be addressed because it does bear on this directly. And that's why we're asking the court to look at these decisions. I want to add one case that I provided to the government yesterday, Youssef versus Coleman. It's at 741 Fed Third 31. And I will provide a 28J. But it's a situation where an earlier party did not provide relevant authority to a panel. And in a later case, the panel had to go back and look at that relevant authority and overturned the panel after consulting with the judges. In response to the claims processing rule that was brought up in Martinez Perez, which was based on Lopez Munoz, again, it did not acknowledge this jurisdictional statute. And a statute cannot be jurisdictional and claims processing. It can be one or the other. But because Congress came down and said we are looking at this as the notice to appear confers jurisdiction as we read it, that it cannot be a claims processing. And that needs to be revisited. To the point that the government suggested waiver because we did not present this authority to the district court, we would point out that the government agreed that this was to be reviewed de novo, agreed to that after we raised the as it were. Well, the level of argument in the opening brief pales in comparison with the level of argument in your reply brief relative to this statute. I mean, yes, you cited the statute, but that was about it. It was our initial, it was our first point on why the statute is jurisdictional. But it really crystallized once the court decided Lopez Munoz and said Congress had not spoken to this. And when the government said that INA had not such the focus of our reply brief. I don't believe I'm out of time. Thank you. Thank you, counsel. Case is submitted. Thank you for your arguments.